UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-61652-CIV-HUCK/O'SULLIVAN

DOLORES GIVENS,

    Plaintiff,

v.

EVANSTON INSURANCE COMPANY,

    Defendant.

_____/

**CLOSED CIVIL CASE**

## ORDER ON MOTION TO REMAND

THIS MATTER is before the Court upon Plaintiff Dolores Givens' Motion to Remand [D.E. #16], filed October 8, 2010. For the reasons stated below, the Court finds that Defendant did not timely remove the case to this Court, and thus the Court remands this case to the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.

## RELEVANT FACTS

Non-party mortgage holder Carrington Mortgage Services, LLC "forced placed" homeowners insurance coverage on Plaintiff Dolores Givens' homestead through Defendant Evanston Insurance Company. On June 26, 2009, Givens' home was damaged in a windstorm. In July 2009, Carrington Mortgage sent Givens a check for $4,719.64 as a full release of the claim for repairs to the property. Givens did not deposit the check. Instead, she hired a public adjuster to review the damage to the property and advise her as to the extent of the damage. On September 1, 2009, the public adjuster hired by Givens faxed to a claims manager for Evanston Insurance a detailed estimate reflecting the amount—$66,964.78—that he believed it would cost to repair the damage to Givens' home. On September 3, 2009, Evanston Insurance took the position that Givens was not insured under the policy and that Givens had no legal standing in the adjustment. On October 2, 2009, the documents relating to the detailed estimate again were sent to Evanston Insurance, this time by certified mail.

Givens filed her Complaint in state court on November 19, 2009, and it was served upon Evanston Insurance on December 18, 2009. The Complaint did not state the amount of damages that Givens sought. On June 28, 2010, Givens answered interrogatories submitted by Evanston

Insurance, in which she disclosed the amount of damages she was seeking—the same amount indicated in the itemized damage estimate—but those interrogatories only were served on Evanston Insurance via U.S. Mail on August 9, 2010. On September 8, 2010, within 30 days of the interrogatories being served upon it, Evanston Insurance removed the case to this Court [D.E. #1], based on the amount of claimed damages plus attorney fees exceeding $75,000.

## ANALYSIS

The parties dispute whether the pre-suit itemized damage estimate that Givens' adjuster sent to Evanston Insurance was sufficient notice to toll the thirty-day removal limit. Removal is controlled by 28 U.S.C. § 1446(b), which requires that

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

At issue is whether the pre-suit itemized damage estimate that was provided to Evanston Insurance is "other paper," such that the removal statute was tolled by the combination of the non-removable Complaint and the pre-suit itemized damage estimate.[1] Givens contends that Evanston Insurance did not timely remove the case to this Court because it was aware of the potential amount in controversy at the time that the Complaint was filed. In contrast, Evanston Insurance argues that its

---

[1] Givens also contends that proof is lacking that the parties are diverse, and that the defendant cannot attempt to reach the jurisdictional amount in controversy by submitting affidavit evidence that attorneys fees will be in excess of $20,000. Because the Court finds that the case was not timely removed, the Court declines to address these arguments.

2

removal was timely because the time-limit for removal did not toll until it received notice of the amount in controversy through Givens' response to its interrogatory.

The Eleventh Circuit has not directly addressed the issue of whether a pre-suit damages claim, in combination with a non-removable initial pleading, tolls the thirty-day removal period. However, the Eleventh Circuit has noted, with apparent approval, that other courts have found that a pre-suit demand letter is an example of an "other paper" pursuant to the second paragraph of § 1446(b). *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007). Some district courts in this circuit have ignored the Eleventh Circuit's footnote, *e.g.*, *Calhoun v. Con-Way Freight, Inc.*, Case No. 10-14210-CIV-Moore/Simonton, 2010 U.S. Dist. LEXIS 113570 (S.D. Fla Oct. 15, 2010), *and Armstrong v. Sears, Roebuck and Co.*, Case No.: 8:09-cv-2297-T-23TGW, 2009 U.S. Dist. LEXIS 113435 (M.D. Fla. Nov. 19, 2009), instead following the *Chapman v. Powermatic, Inc.* line of cases that hold that, for the purposes of § 1446(b), a pre-suit demand letter cannot be considered an "other paper," 969 F.2d 160 (5th Cir. 1992). At least one district court in this circuit has suggested that the Eleventh Circuit's listing of a pre-suit demand letter as an "other paper" was erroneous. *See Mark v. Wood Haulers, Inc.*, CA 09-0706-CG-C, 2009 U.S. Dist. LEXIS 121587, at *24 (S.D. Ala. Dec. 16, 2009) (noting that the Eleventh Circuit's "unfortunate citation in *Lowery* . . . has led defendants to remove cases based upon pre-suit settlement demands in accordance with the 'other paper' paragraph of § 1446(b), and courts to accept such removals," and choosing instead to follow *Chapman*'s logic), *report and recommendations adopted by*, 2009 U.S. Dist. LEXIS 121474 (S.D. Ala. Dec. 31, 2009). However, absent some clear statement from the Eleventh Circuit, this Court cannot assume that the Eleventh Circuit's citation to a pre-suit demand letter as an example of an "other paper" is meaningless or erroneous. *Cf. Free v. Baker*, Case No. 2:09-CV-26 WKW [WO], 2009 U.S. Dist. LEXIS 51973, at *4–5 (M.D. Ala. June 19, 2009) ("In *Lowery*, the court expressly noted that a demand letter establishing an amount in controversy exceeding $75,000 constitutes an 'other paper' upon which removal may be based."). Therefore, the Court finds that if a pre-suit damage estimate coupled with a non-removable complaint establishes the jurisdictional amount in controversy, the combination of the pleading and the damage estimate tolls the removal statute as an "other paper" at the time the complaint is filed. As such, Evanston Insurance's removal was not timely because the period for removal expired thirty-days from the time the Complaint was

served upon Evanston Insurance.

Therefore, for the reasons discussed above, it is hereby

ORDERED that this case is remanded to the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.

DONE AND ORDERED in Chambers, Miami, Florida, on November 9, 2010.

Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record